# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ZOALEE AND CALVIN HAYES<br><br>**Plaintiffs,**<br><br>VS.<br><br>AMERICAN STRATEGIC INSURANCE CORPORATION,<br><br>**Defendant.** | CASE NO.: 3:17-CV-01167-JWD-RLB |

## CASES TO WHICH MOTION PERTAINS[1]

Louis, Cassandra v. ASI                                                                      3:17-cv-01187-JWD-RLB
Alexander, Antoinette v. Bankers                                    3:17-cv-01355-BAJ-RLB
Specialty Ins. Co.

## ORDER

Before the Court are American Strategic Insurance Corporation and Bankers Specialty Insurance Company's Motion to Compel Deposition of ATA Consultants, Inc. and Motion to Compel Deposition of Austin Tanner and Motion for the Court to Intervene to Resolve Ongoing Fee Dispute ("Motion to Compel") (R. Doc. 108), Motion to Expedite (R. Doc. 109), and Motion to Substitute (R. Doc. 110).

The defendants are seeking an order compelling certain expert depositions in the captioned actions and for court intervention with respect to an ongoing fee dispute. The Court has issued orders with respect to expert discovery in these consolidated actions and has addressed the parties' disputes over expert fees. (R. Docs. 106, 107). The deadline to complete expert discovery has been extended to August 31, 2020. (R. Doc. 106).

---

[1] Civil Action No. 17-1355-BAJ-RLB is consolidated with the lead case No. 17-698-BAJ-RLB. The defendants shall file any future motions in the proper lead case.

The threshold issue is the defendants' request for an order compelling ATA Consultants, Inc. and Austin Tanner to appear for depositions that had been set for August 3-4, 2020. The Court has reviewed the deposition notices and subpoenas attached to the Motion to Compel. (R. Doc. 108-6). It appears that the defendants originally noticed the depositions to occur in Metairie, Louisiana on July 21, 2020. The defendants then subpoenaed the depositions to occur by videoconference on August 3-4, 2020. These deposition notices were sent to Plaintiff's counsel in New Orleans, Louisiana.

"A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."); Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). For the purposes of Rule 37(a)(2), a deposition taken by remote means "takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4). Given the record, although it is not completely clear, it appears that the defendant is seeking to compel depositions that will take place in New Orleans, Louisiana.

At a minimum, given there is no indication from defendants that the place of compliance for the depositions will be in the U.S. District Court for the Middle District of Louisiana, the Court is unable to provide relief with respect to the underlying subpoenas. Rather, the defendants must refile the instant motion in the U.S. District Court where compliance is required. Consent may then be given to have the matter transferred to the Middle District of Louisiana as

the issuing court, or the court of compliance may so transfer it upon a finding of exceptional circumstances. *See* Fed. R. Civ. P. 45(f).

Should these motions be refiled in another district, counsel shall provide the assigned court with a copy of this order. It is also noted that his discovery dispute has been ongoing and is not just limited to the two cases referenced above. In addition, it has been the subject of separate (but consistent) rulings by all three magistrate judges in this district. Finally, the subject matter of these cases pertain to the "Great Flood of 2016" which resulted in significant damage to the Middle District of Louisiana and approximately 1800 federal lawsuits regarding the sufficiency of flood related insurance policy determinations such as those at issue here. Any court of compliance would be welcome to find exceptional circumstances, regardless of the position of the parties, and have such motions transferred here pursuant to Rule 45(f).

Although my previous attempt was apparently unsuccessful (see R. Doc. 107), the undersigned will also note the following in an effort to resolve this matter, particularly because the instant motion also sought "The Court to Intervene to Resolve Ongoing Fee Dispute". (R. Doc. 108). The motion indicates that this is "the single remaining dispute." (R. Doc. 108-1 at 4).

The Court has already noted that "the provisions of Rule 26(b)(4)(E)(i), [pertaining to payment of expert fees], are applicable to the discovery sought in this matter." (R. Doc. 107 at 2). The Court also specifically adopted the decision in *Robert ("Bobby") and Tina Annison v. Metropolitan Property and Casualty Insurance Company*, Case No. 3:17-cv-1629-SDD-EWD (Entry No. 57). In that decision, the Court noted that "Defendant correctly notes that the Report states that ATA – not Tompkins – was retained to prepare the Report." (Id. at 12). The Court also found that Plaintiff's argument that this was fact discovery and not expert discovery was "not persuasive." (Id. at 14). In the Reply addressed to that Court, the defendants specifically requested a 60-day extension of the "current expert discovery deadline" so that the deposition of Mr. Tanner (which is sought in the instant motion) could proceed. *Annison v. Metropolitan Property,* Case No. 3:17-cv-1629-SDD-EWD, (Entry No. 55 at 9)

(emphasis added).  Indeed, the Court specifically found "good cause to grant the Motion and extend the deadline to complete expert discovery." (Case No. 3:17-cv-1629-SDD-EWD (Entry No. 57 at 16). Finally, the Court made an alternative determination that that even if the deponent was only covered under Rule 26(b)(4)(D), then this expert discovery would still be appropriate. (3:17-cv-1629-SDD-EWD (Entry No. 57 at 16-17).  The Court also notes that the discovery at issue pertains to underlying facts and background relied upon in the expert reports prepared by ATA and/or Tompkins.

**Under the unique circumstances of this matter, Mr. Tanner's fees in whatever capacity he testifies are to be paid by the defense**.  This is proper under the payment provisions of Rule 26(b)(4)(E). In the alternative, the Court would reach the same conclusion in its discretion pursuant to Rule 26(c)(1)(B) (for good cause, the court may issue an order specifying the "allocation of expenses" for discovery).

The Court previously expressed concern that the deponent was insisting on extraordinary upfront fees before sitting for the deposition, as has apparently become custom in certain fields. (R. Doc. 107).  It is clear from the briefing that this is not the case.  Instead, Mr. Tanner requests a fee of $275 per hour. The Court does not find that to be an unreasonable amount or otherwise manifestly unjust.

Based on the foregoing,

**IT IS ORDERED** that American Strategic Insurance Corporation and Bankers Specialty Insurance Company's Motion to Expedite (R. Doc. 109) is **GRANTED**.

**IT IS FURTHER ORDERED** that American Strategic Insurance Corporation and Bankers Specialty Insurance Company's Motion to Compel (R. Doc. 108) is **DENIED**.

**IT IS FURTHER ORDERED** that American Strategic Insurance Corporation and Bankers Specialty Insurance Company's Motion to Substitute (R. Doc. 110) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on August 14, 2020.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**